IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60280
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BRIAN CRUTCHFIELD, also know as
Brain Crutchfield; JUNIUS JOHNSON, JR.,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:00-CR-91-4-LS)
--------------------
March 15, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

       Defendants-Appellants Brian Crutchfield and Junius Johnson, Jr., appeal their convictions for conspiracy to commit interstate transportation of stolen property and for money laundering. They assert that the evidence was insufficient to support their convictions. As to Crutchfield, we hold that the evidence was sufficient for a rational trier of fact to find he knew that the potato chips and snacks supplied to them were stolen. See United States v. Romero-Cruz, 201 F.3d 374, 376 (5th Cir. 2000). As to Johnson, he has failed to show that his conviction resulted in a

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

manifest miscarriage of justice. <u>United States v. Barton</u>, 257 F.3d 433, 439 (5th Cir. 2001).

Crutchfield contends that the indictment was returned more than five years after he withdrew from the conspiracy, so that his prosecution was barred. Because Crutchfield did not raise this issue at trial, it is waived and cannot be reviewed on appeal. <u>See</u> <u>United States v. Arky</u>, 938 F.2d 579, 581-82 (5th Cir. 1991).

Crutchfield also asserts that the district court abused its discretion in allowing a government witness to testify as an expert. As there was no objection to the witness's testimony at trial, review is for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993). Crutchfield has failed to show that the expert's testimony violated FED. R. EVID. 704.

Johnson's contention that the district court abused its discretion in allowing Deborah Mack to testify fails. He has not shown abuse of discretion. <u>See</u> <u>United States v. Elam</u>, 678 F.2d 1234, 1253 (5th Cir. 1982); <u>United States v. Brock</u>, 833 F.2d 519, 521-22 (5th Cir. 1987).

Johnson also contends that the district court erred in failing to give a limiting instruction regarding his failure to file income taxes during the time of the conspiracy. As Johnson did not request such an instruction, review is for plain error. <u>United States v. Dupre</u>, 117 F.3d 810, 816-17 (5th Cir. 1997). Johnson cannot show that the introduction of the evidence affected his substantial rights. <u>See</u> FED. R. EVID. 404(b); <u>United States v. Parziale</u>, 947 F.2d 123, 129 (5th Cir. 1991).

2

Johnson asserts that the district court erred in crafting a restitution order that required him to pay over $5,000 per month. The order does not require such excessive payments; in fact, Johnson was not required to pay the entire restitution amount by the end of his supervised release term.  Compare United States v. Calbat, 266 F.3d 358,366 (5th Cir. 2001).  He has failed to show plain error in the district court's order.

For the foregoing reasons, both convictions and sentences are AFFIRMED.